UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ISS MARINE SERVICES INC. d/b/a INCHCAPE
SHIPPING SERVICES

                                        Plaintiff,

-against-

SHERWOOD LUMBER COMPANY

                                        Defendant.
------------------------------------------------------------------X

CASE NO.: 18-CV-6790

VERIFIED COMPLAINT

Plaintiff, ISS MARINE SERVICES INC. d/b/a INCHCAPE SHIPPING SERVICES, (hereinafter "ISS" or "Plaintiff"), by and through its attorneys, Chalos & Co, P.C., files its Complaint against SHERWOOD LUMBER COMPANY (hereinafter "SHERWOOD" or "Defendant"), and alleges upon information and belief as follows:

## PARTIES

1. At all times material hereto, Plaintiff, ISS, was and still is a domestic business corporation with its principal place of business located at 11 North Water Street, Suite 9290, Mobile, Alabama 36602.

2. Upon information and belief, at all times material hereto, Defendant, SHERWOOD, was and still is a domestic corporation incorporated under the laws of the State of New York with its principal place of business located at 225 Broadhollow Road, Suite 310W, Melville, New York 11747.

## JURISDICTION

3. The Court's subject matter jurisdiction is conferred in this matter under the Court's diversity jurisdiction pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds the sum or value of USD 75,000 and is between citizens of different state.

1

4. Additionally, the Defendant, at all times material hereto, was and is still actively, purposefully, willfully, intentionally, and systematically conducting ongoing business in Suffolk County, New York and has its principal place of business at 225 Broadhollow Road, Suite 310W, Melville, New York 11747.

5. This Court has jurisdiction by virtue of the fact that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (c).

## FACTS

7. At all times relevant hereto, Plaintiff was (and is) a maritime services provider that offers, *inter alia*, agency services to ship owners, operators, charterers, and cargo receivers at various ports and locations around the world.

8. Defendant, SHERWOOD is in the business of distributing lumber products and frequently receives lumber cargos. Ordinarily, the lumber is brought to various ports in the United States by ship and is held at the port until such time as Defendant picks-up the cargo. While the cargo remains at port, storage charges and other fees, including demurrage, are incurred for SHERWOOD's account.

9. On or about October 28, 2017, ISS was appointed by Defendant, SHERWOOD to serve as its agent to receive a delivery of a lumber cargo at Port Everglades, Florida (hereinafter the "Port") arriving onboard the M/V SAGA ODYSSEY. This was at least the third shipment wherein Plaintiff ISS served as agent for Defendant at Port.

10. At all times material hereto, Defendant was the owner of the lumber cargo.

11. At all times material hereto, Plaintiff ISS was acting for, on behalf of, and at the request of its principal, SHERWOOD.

12. The SAGA ODYSSEY arrived at the Port on October 28, 2017; discharged cargo; and departed on October 29, 2018.

13. While at Port, the SAGA ODYSSEY discharged a cargo of lumber to ISS as agent for SHERWOOD.

14. At all times material hereto, the Defendant, as the beneficial owner of the cargo, requested ISS to act as its agent while the cargo remained at the Port.

15. In performing its services on behalf of Defendant, Plaintiff ISS incurred various costs, fees, and expenses on behalf of and for the benefit of Defendant.

16. The Port's practice is to issue bills directly to the agent of record for storage and demurrage charges related to the cargo arriving and remaining at the Port.

17. The Port billed ISS USD 87,945.72 for the wharfage/storage and demurrage charges incurred while the Defendant's lumber cargo remained on the dock.

18. On or about January 19, 2018, ISS issued an invoice to Defendant for demurrage and disbursements incurred on behalf of the Defendant for the period of October 29, 2017 through June 8, 2018 totaling USD 8,603.24. *A copy of this invoice is attached hereto as Exhibit A.*

19. On or about February 13, 2018, ISS issued a second invoice to Defendant for demurrage and disbursement incurred on behalf of the Defendant during the period of January 9, 2018 through January 25, 2018 totaling USD 23,087.62. *A copy of this invoice is attached hereto as Exhibit B.*

20. On or about March 7, 2018, ISS issued a third invoice to Defendant for demurrage and disbursements incurred on behalf of the Defendant during the period of January 26, 2018 through February 28, 2018 totaling USD 30,121.52. *A copy of this invoice is attached hereto as Exhibit C.*

21. On or about March 16, 2018, ISS issued a fourth invoice to Defendant for demurrage and disbursements incurred on behalf of the Defendant during the period of March 1, 2018 through March 16, 2018 totaling USD 26,133.32. *A copy of this invoice is attached hereto as Exhibit D.*

22. At present, no less than USD 87,945.72 remains due and owing to ISS for costs, fees, expenses, and disbursements due and owing incurred by ISS on behalf of Defendant.

23. The Defendant, SHERWOOD, has failed, neglected, and/or otherwise refused to pay the USD 87,945.72 undisputedly due and owing to ISS.

## FIRST CAUSE OF ACTION
### *BREACH OF CONTRACT*

24. Plaintiff ISS repeats and re-alleges each and every allegation set forth in paragraphs one (1) through twenty-three (23) as if set forth herein at length.

25. At the request of Defendant, Plaintiff ISS undertook to provide and obtain necessary services for the Defendant by acting as their agent for receipt of a lumber cargo carried onboard the M/V SAGA ODYSSEY and discharged to the Port.

26. At the request of Defendant, Plaintiff completed necessary paperwork required by the Port to allow Defendant's lumber cargo to remain at the Port. This was at least the third time ISS served as agent at the Port for the Defendant.

27. The Port had published tariffs for the costs and fees associated with wharfage/storage and demurrage for cargo remaining at the Port. As is customary, these tariffs would be revised and amended from time to time.

28. Defendant was aware of the Port charges that would be incurred to hold their lumber cargo at the Port and made the decision to discharge its lumber cargo at the Port.

29. ISS arranged for and assisted in obtaining the services requested by the Defendant to receive and manage the lumber cargo.

30. ISS provided timely invoices to the Defendant for payment of the wharfage/storage and demurrage charges incurred at the Port.

31. The Defendant received the benefit of ISS's services and has received four (4) invoices without objection.

32. Despite repeated request for payment by ISS, Defendant has refused, neglected and/or otherwise failed to pay for the charges incurred in breach of the parties' agreement.

33. As a result of Defendant's failure to honor its obligations, Plaintiff has suffered damages in an amount of at least USD 87,945.72.

34. Accordingly, ISS is entitled to judgment for the outstanding amount of no less than USD 87,945.72, plus prejudgment interest and costs, as well as any further relief this Honorable Court deems just and proper under the circumstances.

## SECOND CAUSE OF ACTION

### *BREACH OF IMPLIED CONTRACT*

35. Plaintiff ISS repeats and re-alleges each and every allegation set forth in paragraphs one (1) through thirty-four (34) as if set forth herein at length.

36. At the request of the Defendant, Plaintiff undertook to provide necessary services, which included completing all necessary paperwork required by the Port to allow the Defendant's lumber cargo to remain at the Port.

37. Plaintiff provided the agreed upon agency services at the request of Defendant.

38. Following receipt of invoices from the Port, ISS promptly invoiced Defendant, for the wharfage/storage and demurrage fees charged by the Port for the storage of the lumber cargo.

39. Defendant received the benefit of Plaintiff's service and timely received and retained the invoices (without objection) for those charges incurred by ISS for and on behalf of Defendant.

40. Defendant was aware of the Port charges that would be incurred while their lumber cargo remained on the dock.

41. Defendant has not disputed the amount of the charges and has explained and acknowledged that payment is due to ISS. *A copy of the e-mail from the CFO of SHERWOOD to the Port acknowledging same is attached hereto as Exhibit E.*

42. Despite repeated request for payment by ISS, Defendant has neglected, failed, and/or otherwise refused to pay for the disbursements incurred on its behalf.

43. As a result of Defendant's failure to honor its payment obligations, Plaintiff has suffered damages in an amount of no less than USD 87,945.72.

44. Accordingly, ISS is entitled to judgment for the outstanding amount of no less than USD 87,945.72, plus prejudgment interest and costs, as well as any further relief this Honorable Court deems just and proper under the circumstances.

## THIRD CAUSE OF ACTION

### *ACCOUNT STATED*

45. Plaintiff ISS repeats and re-alleges each and every allegation set forth in paragraphs one (1) through forty-four (44) as if set forth herein at length.

46. Between January 19, 2018 and March 16, 2018, Defendant was provided with four (4) invoices detailing wharfage/storage and demurrage charges incurred at the request of and for and on behalf of Defendant related to lumber cargo delivered to the Port onboard the M/V SAGA ODYSSEY. These invoices totaled USD 87,945.72.

47. Defendant retained these invoices without objection and specifically recognized that payment was due to ISS. *See Exhibit E.*

48. More than a reasonable time has elapsed since the invoices were provided to the Defendant.

49. Despite repeated demands for payment, the Defendant has refused, neglected, and/or otherwise failed to timely remit payment for the outstanding amount due to ISS.

50. Accordingly, ISS is entitled to judgment for the outstanding amount of no less than USD 87,945.72, plus prejudgment interest and costs, as well as any further relief this Honorable Court deems just and proper under the circumstances.

## FOURTH CAUSE OF ACTION

### *UNJUST ENRICHMENT/QUANTUM MERUIT*

51. Plaintiff ISS repeats and re-alleges each and every allegation set forth in paragraphs one (1) through fifty (50) as if set forth herein at length.

52. At the request of the Defendant, Plaintiff provided necessary agency services to the Defendant to ensure that its lumber cargo delivered onboard the M/V SAGA ODYSSEY was able to remain on the dock at the Port.

53. Despite demands for payment for the costs, fees, and disbursements incurred on behalf of Defendant, a principle outstanding balance of USD 87,945.72 remains due and owing to ISS.

54. Defendant has inequitably benefited from its neglect, failure, and/or refusal to pay ISS for the disbursements incurred on behalf of Defendant.

55. Defendant has unjustly received and retained the benefit of the services and disbursements made by ISS related to the lumber cargo held at the Port.

56. Equity and good conscience require Defendant to pay ISS damages in an amount of no less than USD 87,945.72, plus prejudgment interest and costs, as well as any further relief this Honorable Court deems just and proper under the circumstances.

57. Accordingly, ISS is entitled to judgment for the outstanding amount of no less than USD 87,945.72, plus prejudgment interest and costs, as well as any further relief this Honorable Court deems just and proper under the circumstances.

**WHEREFORE,** Plaintiff prays:

A. That process in due form of law, according to the practices of this Honorable Court be issued against Defendant and said Defendant be cited to appear and answer under oath the allegations alleged in this Verified Complaint;

B. That judgment may be entered in favor of Plaintiff against Defendant on its First Cause of Action (Breach of Contract) for the amount of Plaintiff's damages, together with interest, costs, and disbursements of this action; and

C. That judgment may be entered in favor of Plaintiff against Defendant on its Second Cause of Action (Breach of Implied Contract) for the amount of Plaintiff's damages, together with interest, costs, and disbursements of this action; and

D. That judgment may be entered in favor of Plaintiff against Defendant on its Third Cause of Action (Account Stated) for the amount of Plaintiff's damages, together with interest, costs, and disbursements of this action; and

E. That judgment may be entered in favor of Plaintiff against Defendant on its Fourth Cause of Action (Unjust Enrichment/Quantum Meruit) for the amount of Plaintiff's damages, together with interest, costs, and disbursements of this action; and

F. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing any judgment which may be obtained; and

G. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: November 29, 2018
Oyster Bay New York

CHALOS & CO, P.C.
*Attorneys for Plaintiff*

By: _____
George M. Chalos, Esq. (GC-8693)
Melissa Patzelt-Russo, Esq. (MR-8150)
55 Hamilton Avenue
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
E-mail: gmc@chaloslaw.com
E-mail: mrusso@chaloslaw.com
Chalos & Co, Ref: 2001.137

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ISS MARINE SERVICES INC. d/b/a INCHCAPE
SHIPPING SERVICES                                               CASE NO.

                       Plaintiff,                 VERIFICATION OF
                                    COMPLAINT

-against-

SHERWOOD LUMBER COMPANY

                       Defendant.
-----------------------------------------------------------------X

       Pursuant to 28 U.S.C. § 1746, I, Thomas Damsgaard, declare under the penalty of perjury:

       1.    I am a representative of ISS MARINE SERVICES INC. d/b/a INCHCAPE SHIPPING SERVICES, and am authorized to act on the company's behalf.

       2.    I have read the foregoing Verified Complaint and know the contents thereof; and

       3.    I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters, and attorneys.

       I declare under penalty of perjury that the foregoing are true and correct.

DATED:    November 28th, 2018
               Houston, Texas

                                                           By: _____
                                                              Thomas Damsgaard,
                                                              President ISS Marine Services
                                                              V.P. Inchcape Shipping Services
                                                              Authorized Representative of Plaintiff
                                                              ISS MARINE SERVICES INC. d/b/a
                                                              INCHCAPE SHIPPING SERVICES